1  Michael D. Meadows (State Bar No. 62110)
   Andrew C. Schwartz (State Bar No. 64578)
2  **CASPER, MEADOWS, SCHWARTZ & COOK**
   A Professional Corporation
3  California Plaza
   2121 North California Blvd., Suite 1020
4  Walnut Creek, California 94596
   Telephone:    (925) 947-1147
5  Facsimile:     (925) 947-1131

6  Attorneys for Plaintiffs

7

8                   UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10

11 | ESTATE OF NICHOLAS TORRICO, deceased, BONNIE JEAN TORRICO, individually and as successor in interest to the ESTATE OF NICHOLAS TORRICO, CARLOS TORRICO, individually and as successor in interest to the ESTATE OF NICHOLAS TORRICO,

        Plaintiffs,

        vs.

CITY AND COUNTY OF SAN FRANCISCO, VICTOR WYRSCH, JOANNE HAYES-WHITE, in her official capacity as Chief of the San Francisco Fire Department, and DOES 1 through 20,
        Defendants. | **CASE NO.**

**COMPLAINT FOR DAMAGES
42 U.S.C. § 1983**

**Jury Trial Demanded** |

22 Plaintiffs allege:

23       1)    NICHOLAS TORRICO died on October 12, 2006 in the City and County

24 of San Francisco.  All claims for damages suffered by NICHOLAS TORRICO prior to

25 his death are asserted in this complaint by the ESTATE OF NICHOLAS TORRICO,

26 pursuant to California Code of Civil Procedure §§ 377.10, et seq.

27       2)    Plaintiff BONNIE JEAN TORRICO is the surviving mother of NICHOLAS

28 TORRICO.  BONNIE JEAN TORRICO brings this lawsuit in her own behalf and as

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                      Page 1

successor in interest to the ESTATE OF NICHOLAS TORRICO. The declaration of BONNIE JEAN TORRICO required by California Code of Civil Procedure § 377.32, establishing her right to prosecute the surviving claims of NICHOLAS TORRICO is filed and will be served with this complaint.

3) Plaintiff CARLOS TORRICO is the surviving father of NICHOLAS TORRICO. CARLOS TORRICO brings this lawsuit on his own behalf and as successor in interest to the ESTATE OF NICHOLAS TORRICO. The declaration of CARLOS TORRICO required by California Code of Civil Procedure § 377.32, establishing his right to prosecute the surviving claims of NICHOLAS TORRICO is filed and will be served with this complaint.

4) Defendant CITY AND COUNTY OF SAN FRANCISCO is a municipal entity, organized and maintained in accordance with the laws of the State of California. The CITY AND COUNTY OF SAN FRANCISCO is located within this judicial district. CITY AND COUNTY OF SAN FRANCISCO operates, maintains, and controls the San Francisco Fire Department and the San Francisco Police Department.

5) Defendant VICTOR WYRSCH is, and at all relevant times was a member of the San Francisco Fire Department, holding the rank of Lieutenant.

6) Defendant JOANNE HAYES-WHITE is, and at all relevant times was the Chief of the San Francisco Fire Department. At all relevant times, JOANNE HAYES-WHITE had final policy-making authority with respect to the San Francisco Fire Department.

7) Plaintiffs are ignorant of the true names and capacities of those defendants identified in this complaint as DOES 1 through 20, and therefore sue such defendants by fictitious names. Plaintiffs are informed and believe that each fictitiously-named defendant contributed in some manner to the damages suffered by plaintiffs as alleged in this complaint. Plaintiffs will amend this complaint to state the correct names and capacities of DOES 1 through 20 when they have been ascertained. Each reference in this complaint to "defendant," "defendants," or to a specifically-named defendant refers also to defendants DOES 1 through 20.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.     Page 2

8) On October 12, 2006, Nicholas Torrico climbed a fire escape to the roof of a four-story building at 900 Powell Street in San Francisco, and stood near the edge of the roof. Several persons in the vicinity noticed Torrico waving at a passing cable car from his position on the ledge, and reported observing a potentially dangerous situation to the emergency dispatch system in San Francisco. Dispatchers broadcast the information, and directed police and fire units to 900 Powell Street. Torrico maintained his position on the roof while the calls were made and while the police and fire units traveled to the scene.

9) Responding police and fire units promptly implemented a plan to investigate the behavior of Nicholas Torrico and to offer safety assistance as needed. In accordance with their professional training, the police officers and firefighters intended to contact Nicholas Torrico, ascertain his physical and emotional state, and to proceed as needed to protect the safety of Torrico and others in the area.

10) San Francisco Police Sergeant Catanzaro established voice contact with Nicholas Torrico. Torrico told Catanzaro several times that he missed his family and wanted to go home. Torrico did not state or demonstrate that he had the intention or desire to end his life. Catanzaro continued to engage Torrico in conversation, while other collaborating members of the team gained entry to 900 Powell Street. Several officers established a position from which they could make contact with Torrico if and when requested by Torrico or directed by the officers in command.

11) Without the knowledge or consent of the police and other fire officials at the scene, and without informing anyone of his intent to do so, defendant WYRSCH climbed to the roof of 900 Powell Street, and quickly and surreptitiously approached Nicholas Torrico. WYRSCH had not communicated with Torrico in any manner. Disregarding the orders of the officers in command, and without taking any physical precautions for his own safety or the safety of Torrico, defendant WYRSCH leaned over the low wall separating Torrico from the rest of the roof, and forcefully grabbed Torrico around his torso from behind.

12) Torrico was startled when he was grabbed by WYRSCH without warning.

*Torrico v. City and County of San Francisco*, et al.   Page 3

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

The sudden use of force by WYRSCH caused Torrico to lose his balance, and WYRSCH struggled to regain a secure footing. WYRSCH could not retain his grasp on Torrico without also losing his own balance, and WYRSCH released Torrico. Although Torrico struggled to regain a secure grip on the roof, he was unable to do so, and fell onto the pavement below, sustaining severe blunt force injuries. Torrico later died from the injuries sustained in this fall.

13) Plaintiffs hereby demand a jury trial in this action.

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983

## (By All Plaintiffs Against Defendant WYRSCH)

14) Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 13 as though fully set forth in this claim for relief.

15) Plaintiffs are informed and believe, and on that basis allege that in committing each of the acts alleged in this claim for relief, defendant WYRSCH was acting under color of law, within the scope of his official duties with the San Francisco Fire Department.

16) Plaintiffs were deprived of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution as a proximate result of conduct by WYRSCH

17) The conduct of WYRSCH, as described in this complaint, involved the intentional use of force to limit the freedom of movement of Nicholas Torrico, and constituted a seizure of Nicholas Torrico within the meaning of the Fourth Amendment to the United States Constitution. At all relevant times, it was reasonably foreseeable that Nicholas Torrico would be startled if he were suddenly grabbed from behind without his knowledge or consent, and that Torrico was at risk of falling if he were caused to lose his balance. The use of force by WYRSCH was unnecessary, excessive, and unreasonable under the circumstances, and caused Nicholas Torrico to be deprived of his right to be free from unreasonable seizures as protected by the Fourth Amendment to the United States Constitution.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

18)   In undertaking the course of conduct described in this complaint, WYRSCH was deliberately indifferent to the known risk of harm to Nicholas Torrico. WYRSCH was deliberately indifferent to the knowledge that his own position on the roof had not been physically secured, and that if either he or Torrico lost his balance, either WYRSCH, Torrico, or both would be at grave risk of falling.  WYRSCH's conduct was reckless and conscience-shocking in that he violated the express orders of the command structure at the scene in approaching Torrico and forcefully grabbing Torrico without Torrico's knowledge or consent.  The conduct of WYRSCH caused Nicholas Torrico to suffer a deprivation of his substantive liberty interest in the preservation of his life, as protected by the Fourteenth Amendment to the United State Constitution. The conduct of WYRSCH also caused BONNIE JEAN TORRICO and CARLOS TORRICO to suffer deprivation of their substantive liberty interest in preserving their familial relationship with Nicholas Torrico, as protected by the Fourteenth Amendment to the United States Constitution.

19)   As a proximate result of the violation the Fourth and Fourteenth Amendment rights of Nicholas Torrico, Torrico incurred severe physical injuries, and extreme physical and emotional pain, suffering, and fear prior to his death.  Although these damages would not survive the death of Nicholas Torrico under the laws of the State of California, precluding an award of such damages when unconstitutional conduct under color of law results in death is inconsistent with the remedial purposes of 42 United States Code Section 1983, and these damages therefore survive Torrico's death under federal law.  As a further proximate result of the violation of the Fourth and Fourteenth Amendment rights of Nicholas Torrico, Torrico incurred substantial expenses for the medical treatment of his injuries.  Defendant WYRSCH is therefore liable for these damages to the ESTATE OF NICHOLAS TORRICO.

20)   As a proximate result of defendants' conduct which violated the Fourteenth Amendment rights of BONNIE JEAN TORRICO and CARLOS TORRICO, these plaintiffs suffered the loss of their familial relationship with Nicholas Torrico, and the right to enjoy the continued love, solace, comfort, companionship and support

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                                 Page 5

provided by Nicholas Torrico. In addition, BONNIE JEAN TORRICO and CARLOS TORRICO incurred expenses for the final disposition of the remains of Nicholas Torrico. Defendant WYRSCH is therefore liable for these damages to BONNIE JEAN TORRICO and CARLOS TORRICO.

21)   As a further proximate result of defendants' conduct, the violation of plaintiffs' rights under the Constitution caused plaintiffs to suffer nominal damages for the loss of such rights. Defendant WYRSCH is therefore liable for these damages to the ESTATE OF NICHOLAS TORRICO, and to BONNIE JEAN TORRICO and CARLOS TORRICO.

22)   As a further proximate result of defendants' conduct, plaintiffs incurred expenses for attorneys' and investigators' fees. Plaintiffs are entitled to an award of all such fees incurred pursuant to 42 United States Code section 1988.

WHEREFORE, plaintiffs pray for relief as set forth below.

SECOND CLAIM FOR RELIEF

42 U.S.C. § 1983

(By All Plaintiffs Against Defendants JOANNE HAYES-WHITE and CITY AND COUNTY OF SAN FRANCISCO)

23)   Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 22 as though fully set forth in this claim for relief.

24)   Plaintiffs were deprived of their rights under the Fourth and Fourteenth Amendments to the United States Constitution as a proximate result of unconstitutional conduct by WYRSCH, which was committed in accordance with informal policies and practices adopted and promoted by the CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE. Plaintiffs' injuries were also the proximate result of defendant JOANNE HAYES-WHITE's ratification of WYRSCH's unconstitutional conduct.

25)   Plaintiffs are informed and believe, and on that basis allege that in committing each of the acts alleged in this claim for relief, defendants WYRSCH and

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                                                                      Page 6

1  HAYES-WHITE were acting under color of law, within the scope of their official duties
2  with the San Francisco Fire Department.

3        26) Plaintiffs are informed and believe, and on that basis allege that public safety workers, including firefighters and police officers, are trained to coordinate their actions and to follow the orders of their commanding officers when responding to potential public safety emergencies.  When approaching a subject in an exposed position, emergency personnel are also trained to secure their own safety before making contact with the subject, and to avoid sudden movements which may startle the subject, as such actions are known to increase the danger to the subject.  Plaintiffs are further informed and believe, and on that basis allege that a primary purpose of such training is to promote the safety and well-being of public safety workers and members of the public.

      27) Plaintiffs are further informed and believe, and on that basis allege that despite the knowledge and training of its public safety professionals, CITY AND COUNTY OF SAN FRANCISCO pursues an informal policy and practice of allowing individual firefighters to undertake precipitate, self-directed responses to public safety emergencies.  The existence of this municipal policy is evidenced by a continuing pattern and practice of tolerating and ratifying acts of insubordination and/or self-directed conduct by defendant WYRSCH and other firefighters when responding to potential public safety emergencies.  Plaintiffs are informed and believe, and on that basis allege that there have been multiple previous occurrences of insubordinate and/or self-directed, precipitate conduct during public safety emergencies by defendant WYRSCH and other firefighters which have been ratified, condoned, approved, and encouraged by supervisory officials, including defendant JOANNE HAYES-WHITE.  Accordingly, the conduct of WYRSCH in proximately causing the death of Nicholas Torrico and the violations of plaintiffs' constitutional rights was set in motion by the informal policies and practices of the CITY AND COUNTY OF SAN FRANCISCO.

      28) As Chief of the San Francisco Fire Department, defendant JOANNE

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                                                            Page 7

HAYES-WHITE is an official with final decision-making authority, and is empowered to establish, determine, evaluate, and revise the policies of the San Francisco Fire Department. After learning that defendant WYRSCH had ignored the command structure at the scene, and interfered with the efforts of his fellow officers and firefighters to investigate and resolve the potential emergency presented by Torrico, and that the interference by WYRSCH had both proximately caused the death of Nicholas Torrico and created a grave risk of severe physical harm to WYRSCH, defendant JOANNE HAYES-WHITE, in her individual and official capacities, ratified the actions taken by WYRSCH and exonerated WYRSCH of any professional misconduct. These actions by defendant JOANNE HAYES-WHITE are evidence that the conduct of WYRSCH was consistent with, and reflective of, the policies and practices of the CITY AND COUNTY OF SAN FRANCISCO which caused the violations of plaintiffs' constitutional rights.

29) As a proximate result of defendants' conduct which violated the Fourth and Fourteenth Amendment rights of Nicholas Torrico, Nicholas Torrico incurred severe physical injuries, and extreme physical and emotional pain, suffering, and fear prior to his death. Although these damages would not survive the death of Nicholas Torrico under the laws of the State of California, precluding an award of such damages when unconstitutional conduct under color of law results in death is inconsistent with the remedial purposes of 42 United States Code section 1983 and these damages therefore survive under federal law. Defendants CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE are therefore liable for these damages to the ESTATE OF NICHOLAS TORRICO. As a further proximate result of the violation of the Fourth and Fourteenth Amendment rights of Nicholas Torrico, Torrico incurred substantial expenses for the medical treatment of his injuries. Defendants CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE are liable for these damages to the ESTATE OF NICHOLAS TORRICO.

30) As a proximate result of defendants' conduct which violated the Fourteenth Amendment rights of BONNIE JEAN TORRICO and CARLOS TORRICO,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.   Page 8

these plaintiffs suffered the loss of their familial relationship with Nicholas Torrico, and the right to enjoy the continued love, solace, comfort, companionship and support provided by Nicholas Torrico.  In addition, BONNIE JEAN TORRICO and CARLOS TORRICO incurred expenses for the final disposition of the remains of Nicholas Torrico.  Defendants CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE are therefore liable for these damages to BONNIE JEAN TORRICO and CARLOS TORRICO.

31)   As a further proximate result of defendants' conduct, the violation of plaintiffs' rights under the Constitution caused plaintiffs to suffer nominal damages for the loss of such rights.  Defendants CITY AND COUNTY OF SAN FRANCISCO and JOANNE HAYES-WHITE are therefore liable for these damages to the ESTATE OF NICHOLAS TORRICO, and to BONNIE JEAN TORRICO and CARLOS TORRICO.

32)   As a further proximate result of defendants' conduct, plaintiffs incurred expenses for attorneys' and investigators' fees.  Plaintiffs are entitled to an award of all such fees incurred pursuant to 42 United States Code Section 1988.

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF

Wrongful Death - California Code of Civil Procedure §§ 377.60, et seq.

(By Plaintiffs BONNIE JEAN TORRICO and CARLOS TORRICO Against Defendants WYRSCH and CITY AND COUNTY OF SAN FRANCISCO)

33)   Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 13 as though fully set forth in this claim for relief.

34)   Plaintiffs are informed and believe, and on that basis allege that at all relevant times, each defendant was the agent and or employee of every other defendant, acting within the course and scope of his or her authority as such agent or employee.

35)   At all relevant times, defendant WYRSCH was acting in his capacity as a municipal employee providing emergency rescue services.  At all relevant times, Nicholas Torrico  was at risk for injury.  Defendant WYRSCH was subject to a duty to

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                     Page 9

1  refrain from taking actions which would increase the recognized risks of harm faced by Nicholas Torrico.

36) In undertaking the course of conduct described in this complaint, WYRSCH had actual and/or constructive knowledge that grabbing Nicholas Torrico from behind greatly increased the risk of harm to Nicholas Torrico. Plaintiffs are informed and believe, and on that basis allege that the applicable standard of care required a coordinated approach by the emergency personnel involved. When approaching a subject in an exposed position, emergency personnel are also trained to secure their own safety before making contact with the subject, and to avoid sudden movements which may startle the subject, as such actions are known to increase the danger to the subject.

37) The conduct of defendant WYRSCH as described in this complaint was grossly negligent and represented an extreme departure from the standard of care. At the time WYRSCH approached and grabbed Nicholas Torrico, he had actual and/or constructive knowledge that his actions directly increased the risk of harm to Torrico, that WYRSCH was placing himself at risk of falling by leaning over an exposed, four-story ledge to grab Torrico without securing his own position, and that his actions directly conflicted and interfered with the plan then being implemented by the other rescue personnel at the scene.

38) Nicholas Torrico died as a proximate result of WYRSCH's negligence, causing BONNIE JEAN TORRICO and CARLOS TORRICO to be wrongfully deprived of the love, solace, comfort, companionship and support provided by Nicholas Torrico during his lifetime, and to incur expenses for the final disposition of the remains of Nicholas Torrico.

WHEREFORE, plaintiffs pray for relief as set forth below.

\ \ \

\ \ \

\ \ \

\ \ \

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Torrico v. City and County of San Francisco*, et al.                                                                 Page 10

FOURTH CLAIM FOR RELIEF

Negligence; California Code of Civil Procedure §§ 377.60, et seq.

(By Plaintiffs BONNIE JEAN TORRICO and CARLOS TORRICO Against Defendant WYRSCH)

39)     Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 13 as though fully set forth in this claim for relief.

40)     Plaintiffs are informed and believe, and on that basis allege for purposes of this claim for relief only that at all relevant times, defendant VICTOR WYRSCH was acting as a private person, and did not commit the acts and omissions alleged in this complaint under color of law or within the course and scope of his employment as a member of the San Francisco Fire Department and therefore was not subject to any duty to come to the rescue of Nicholas Torrico.

41)     Having independently and specifically undertaken to intervene in the potential emergency presented by Nicholas Torrico, WYRSCH was subject to a duty of reasonable care to avoid increasing the risk of harm to Torrico.  WYRSCH was also subject to a duty of care to avoid inducing Torrico to rely on any undertaking by WYRSCH.

42)     At all relevant times, WYRSCH knew that several San Francisco emergency personnel, equipped with rescue equipment, were engaged in active efforts to engage Nicholas Torrico and to encourage Torrico to return to a position of safety.  At all relevant times, it was reasonably foreseeable that Torrico was at risk of falling if he were startled, or otherwise caused to lose his balance.  At all relevant times, it was reasonably foreseeable that interrupting and interfering with the efforts of emergency personnel to rescue Torrico would increase the risk of harm to Torrico.  At all relevant times, it was reasonably foreseeable that WYRSCH would not be able to retain his grip on Torrico if Torrico lost his balance, since that would also place WYRSCH at grave risk of falling off the roof.

43)     WYRSCH breached his duty of care to Nicholas Torrico in interfering with the efforts of the public safety personnel on the scene.  WYRSCH also breached the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1 applicable duty of care in grabbing Nicholas Torrico without warning and without Torrico's consent.  WYRSCH also breached this duty in leaning over an exposed, four-story ledge to grab Torrico without making any provision for WYRSCH's own stability and security, thereby limiting his ability to physically secure Torrico.  By these actions, WYRSCH actively increased the risk of harm to Torrico.  By these actions, WYRSCH also induced Torrico to rely on WYRSCH, rather than the coordinated efforts of the public safety personnel on the scene.

44)     Nicholas Torrico died as a proximate result of WYRSCH's negligence, causing BONNIE JEAN TORRICO and CARLOS TORRICO to be wrongfully deprived of the love, solace, comfort, companionship and support provided by Nicholas Torrico during his lifetime, and to incur expenses for the final disposition of the remains of Nicholas Torrico.

WHEREFORE, plaintiffs pray for relief as follows:

1)     For an award of general damages for pain and suffering to the ESTATE OF NICHOLAS TORRICO in accordance with the laws of the United States;

2)     For an award of damages for the loss of the love, solace, comfort, companionship and support provided by Nicholas Torrico during his lifetime to BONNIE JEAN TORRICO and CARLOS TORRICO;

3)     For recovery of expenses incurred by BONNIE JEAN TORRICO and CARLOS TORRICO for the disposition of the remains of Nicholas Torrico;

4)     For nominal damages for the deprivations of constitutional rights suffered by the ESTATE OF NICHOLAS TORRICO, BONNIE JEAN TORRICO, and CARLOS TORRICO;

4)     For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

5)     For costs incurred; and

6)     For such other and further relief as the court may deem fair and just.

Dated:_____        _____
                                     Michael D. Meadows
                                     **CASPER, MEADOWS, SCHWARTZ & COOK**
                                     Attorneys for Plaintiffs

_____
*Torrico v. City and County of San Francisco*, et al.                                     Page 12

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131