DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
BLAKE LOEBS, State Bar # 145790
ELLEN SHAPIRO, State Bar # 127847
KIMBERLY A. BLISS, State Bar #207857
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3861
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
VICTOR WYRSCH and JOANNE HAYES-WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF NICHOLAS TORRICO *deceased*, BONNIE JEAN TORRICO *individually and as successor in interest to the Estate Of Nicholas Torrico* and CARLOS TORRICO, *individually and as successor in interest to the* ESTATE OF NICHOLAS TORRICO,<br><br>             Plaintiffs,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, VICTOR WYRSCH and JOANNE HAYES-WHITE i*n her official capacity as Chief of the San Francisco Fire Department*, and DOES 1 through 20,<br><br>             Defendants. | Case No. 07-CV-03624-JCS<br><br>**ANSWER TO COMPLAINT OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO FIRE CHIEF JOANNE HAYES-WHITE (IN HER OFFICIAL CAPACITY) AND VICTOR WYRSCH**<br><br>**DEMAND FOR JURY TRIAL** |

   Defendants City and County of San Francisco, San Francisco Fire Chief Joanne Hayes-White (in her official capacity only) and Victor Wyrsch ("Defendants") hereby respond to plaintiffs' Complaint ("Complaint") as follows:

**INTRODUCTION**

1.    With respect to the allegations contained in paragraph 1, Defendants admit that Nicholas Torrico died on October 12, 2006 in the City and County of San Francisco. The remaining allegations of this paragraph set forth plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants respond as follows: Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

2.    With respect to the allegations contained in paragraph 2, Defendants respond as follows: These allegations set forth Plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants respond as follows: Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

3.    With respect to the allegations contained in paragraph 3, Defendants respond as follows: These allegations set forth Plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants respond as follows: Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

4.    Defendants admit the allegations of paragraph 4.

5.    With respect to the allegations contained in paragraph 5, Defendants admit that Defendant Victor Wyrsch is a member of the San Francisco Fire Department, and that at the time of the incident, he held the rank of Lieutenant. Defendants deny the remaining allegations of this paragraph.

6.    Defendants admit the allegations of paragraph 6.

7.    With respect to the allegations contained in paragraph 7, Defendants lack sufficient information to either affirm or deny these allegations and for that reason they are denied.

8.    With respect to the allegations contained in paragraph 8, Defendants admit that on October 12, 2006, Nicholas Torrico was observed on the edge of the roof of 900 Powell Street, and that individuals reported the dangerous situation to San Francisco's emergency dispatch system. Defendants also admit that police and fire units responded to 900 Powell Street. As respects the

1  remaining allegations of this paragraph, Plaintiffs lack sufficient information to either affirm or deny
2  these allegations and for that reason they are denied.

3      9.  With respect to the allegations contained in paragraph 9, Defendants admit that San
4  Francisco Police and Fire units responded to the scene and investigated the behavior of Nicholas
5  Torrico.  All other allegations in this paragraph are denied based on lack of information and
6  vagueness.

7      10. With respect to the allegations contained in paragraph 10, Defendants admit that San
8  Francisco Police Sergeant Catanzaro established voice contact with Nicholas Torrico.  Defendants
9  deny the remaining allegations of this paragraph.

10      11. With respect to the allegations contained in paragraph 11, Defendants admit Defendant
11  Wyrsch secured his arms around Torrico.  Defendants deny the remaining allegations of paragraph
12  11.

13      12. With respect to the allegations contained in paragraph 12, Defendants admit that Torrico
14  suffered blunt force injuries and later died.  Defendants deny the remaining allegations in this
15  paragraph.

16      13. Defendants admit that Plaintiffs' demand a jury trial.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. §1983)
(By All Plaintiffs Against Defendant Wyrsch)

19      14. With respect to the allegations contained in paragraph 14, Defendants re-allege and
20  incorporate by reference all of the above paragraphs.

21      15. With respect to the allegations contained in paragraph 15, Defendants admit that defendant
22  Wyrsch was acting under color of law and within the scope of his official duties with the SFFD, but
23  deny that he committed "each of the acts alleged in this claim for relief."

24      16. With respect to the allegations contained in paragraph 16, Defendants respond as follows:
25  Denied.

26      17. With respect to the allegations contained in paragraph 17, Defendants respond as follows:
27  Denied.

28

18. With respect to the allegations contained in paragraph 18, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

19. . With respect to the allegations contained in paragraph 19, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

20. With respect to the allegations contained in paragraph 20, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

21. With respect to the allegations contained in paragraph 21, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

22. With respect to the allegations contained in paragraph 22, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. §1983)
**(By All Plaintiffs Against Defendants Joanne Hayes-White and City and County of San Francisco)**

23. With respect to the allegations of paragraph 23, Defendants re-allege and incorporate by reference all of the above paragraphs.

24. With respect to the allegations contained in paragraph 24, Defendants respond as follows: Denied.

25. With respect to the allegations contained in paragraph 25, Defendants admit that defendants Wyrsch and Hayes-White were acting under color of law and within the scope of their official duties with the SFFD, but deny that they committed "each of the acts alleged in this claim for relief."

26. With respect to the allegations contained in paragraph 26, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

27. With respect to the allegations contained in paragraph 27, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

28. With respect to the allegations contained in paragraph 28, Defendants admit that defendant Joanne Hayes-White is an official with final decision-making authority. Defendants deny the remaining allegations of this paragraph.

29. With respect to the allegations contained in paragraph 29, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

30. With respect to the allegations contained in paragraph 30, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

31. With respect to the allegations contained in paragraph 31, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

32. With respect to the allegations contained in paragraph 32, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

## THIRD CLAIM FOR RELIEF

(Wrongful Death-California Code of Civil Procedure §§377.60 et seq.)

(By Plaintiffs Bonnie Jean Torrico and Carlos Torrico Against Defendants Wyrsch and City and County of San Francisco)

33. With respect to the allegations of paragraph 33, Defendants re-allege and incorporate by reference all of the above paragraphs.

34. With respect to the allegations contained in paragraph 34, Defendants deny these allegations based on lack of information and vagueness.

35. With respect to the allegations contained in paragraph 35, Defendants admit that defendant Wyrsch was acting in his capacity as a municipal employee providing emergency rescue services. As respects the remaining allegations of this paragraph, Defendants either: 1) deny such allegations on grounds they consists of legal conclusions; or 2) specifically deny such allegations.

36. With respect to the allegations contained in paragraph 36, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

37. With respect to the allegations contained in paragraph 37, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

38. With respect to the allegations contained in paragraph 38, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

### FOURTH CLAIM FOR RELIEF
(Wrongful Death-California Code of Civil Procedure §§377.60 et seq.)

(By Plaintiffs Bonnie Jean Torrico and Carlos Torrico Against Defendant Wyrsch)

39. With respect to the allegations contained in paragraph 39, Defendants re-allege and incorporate by reference all of the above paragraphs.

40. With respect to the allegations contained in paragraph 40, Defendants admit that Defendant Wyrsch was not subject to any duty to come to the rescue of Nicholas Torrico. Defendant deny the remaining allegations of this paragraph.

41. With respect to the allegations contained in paragraph 41, Defendants respond as follows: These allegations set forth Plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

42. With respect to the allegations contained in paragraph 42, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

43. With respect to the allegations contained in paragraph 43, Defendants respond as follows: These allegations set forth Plaintiffs' legal conclusions and opinions and plaintiffs' interpretation of the law, to which no response is required. To the extent that a response is deemed required, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

44. With respect to the allegations contained in paragraph 44, Defendants either: 1) lack personal knowledge on which to admit or deny such allegations; or 2) specifically deny such allegations.

**PRAYER FOR RELIEF**

Responding to the prayer for relief set forth on page 12, Defendants deny that Plaintiffs have been damaged in any sum as a consequence of any action by Defendants, or the agents and employees of Defendants, deny that Plaintiff is entitled to any relief at all, and deny any wrongdoing.

**SEPARATE AFFIRMATIVE DEFENSES**

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering defendants.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege the provisions of the California Tort Claims Act of the California Government Code as a measure of the duties of these answering defendants.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that plaintiffs and decedent have failed to file a sufficient claim as required by California Government Code §910, et seq. and other applicable provisions of law, and this Court therefore has no jurisdiction of the action and the action is barred by law.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the alleged injuries and damages of which plaintiffs and decedent complain in the Complaint herein were the proximate result of the sole negligence, acts, omissions or conduct of others, including, but not limited to, plaintiffs and decedent.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that plaintiffs and decedent knowingly, voluntarily, and unreasonably assumed the risk of the conduct, event, and matters alleged in the Complaint and any damage or injury, if any there were, sustained by the plaintiffs and decedent was the proximate result of the risks so assumed.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that if in fact any force was used against plaintiffs and decedent, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants alleges that at all times relevant to plaintiffs and decedent's Complaint herein, decedent knowingly, voluntarily and willingly consented to the use of force upon decedent's person.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that if in fact any force was used to effect the arrest and/or detention of the plaintiffs and decedent herein by agents, officers or employees, such force was authorized and privileged pursuant to §§835 and 835a of the California Penal Code and as a proximate result thereof plaintiffs and decedent is barred from any recovery herein for any alleged injury or damage if any there were.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the decedent was under a duty pursuant to §834a of the California Penal Code to refrain from using force to resist his arrest and/or detention; that decedent breached this duty even though he knew or by the exercise of reasonable care should

have known that he was being arrested or detained; that as a direct and proximate result of the decedent's breach of this duty, plaintiffs and decedent are barred from recovering any loss or damage they may have incurred, if any there be.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that no more force was used on decedent's person than was necessary to effect detention and/or arrest, overcome any resistance thereto, prevent escape there from, prevent injury to the decedent, officers and third-parties and to facilitate and safeguard a valid investigation and rescue.

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that at all times material hereto the officers of the San Francisco Police Department had reasonable and probable cause to detain, restrain and arrest plaintiffs and decedent based on violations of the California Penal Code.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that members of the San Francisco Police And Fire Department are immune from any liability therein under the common law doctrine of immunity of regarding the execution of statutes in good faith, which statutes are presumed valid at the time of such execution.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege as follows:

A.     That at all times mentioned in plaintiffs and decedent's Complaint herein, defendant City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B.     That at all times mentioned in plaintiffs and decedent's Complaint herein, the City's agents were peace officers and police officers and fire department employees of the City and County of San Francisco; and at all times so mentioned was acting in the course and scope of their public office, service and employment;

C. That at all times mentioned in plaintiffs and decedent's Complaint herein, the City's agents acted in accordance with and pursuant to §§834, 834a 835, 835a, and 835 of the California Penal Code;

D. That at all times mentioned in plaintiffs and decedent's Complaint herein, police officers of the City and County of San Francisco had reasonable and probable cause to believe that decedent committed one or more violations of the California Penal Code and/or probable cause to detain decedent;

E. That at all times mentioned in plaintiffs and decedent's Complaint herein, police officers and fire department employees of the City and County of San Francisco were acting in good faith and without malice pursuant to the provisions of §§815, 815.2, 818, 820, 820.2, 820.4, 820.6, 820.8, 821 of the California Government Code;

F. That as a consequence of the foregoing, Defendant and police officers and fire department employees of the City and County of San Francisco are immune from liability herein, and that the plaintiffs and decedent's cause or causes of action, if any, are barred by law.

AS AND FOR A FOURTEENTH, SEPARATE AND DISTRICT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that at all times mentioned in plaintiffs and decedent's Complaint herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs and decedent; that as a consequence, plaintiffs and decedent's claim is barred.

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the fault of persons other than Defendant or its agents contributed to and proximately caused the occurrence; and that under the principles formulated in the case of <u>American Motorcycle Association v. Superior Court</u> (1978) 20 Cal.3d 578, Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

1    AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
2  TO THE COMPLAINT, these answering defendants allege that plaintiffs and decedent has failed to
3  make out a cause of action under 42 U.S.C. § 1983 against any defendant in this action, and
4  specifically has failed to make out a claim for relief based on a <u>Monell</u> violation with regard to these
5  answering defendants.
6    AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE
7  DEFENSE TO THE COMPLAINT, these answering defendants allege that the peace officers and fire
8  department employees were at all times material hereto acting with both subjective and objective
9  good faith, such that any claim for relief that plaintiffs and decedent may have is barred by law.
10    AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
11 TO THE COMPLAINT, these answering defendants allege that the Complaint, and each cause of
12 action therein, is barred by the California Tort Claims Act, including but not limited to Government
13 Code Sections 815(b); 815.2(b); 815.4; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2;
14 820.4; 820.8; 820.25; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.5; 830.6; 830.8;
15 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2;
16 850.4; 850.8; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; and the California Penal
17 Code including, but not limited to Penal Code Sections 142, 143, 148, 409, 834a, 834, 834a, 835,
18 835a, 836, 844, 845, 847, 849, 1531 and 1532; and by California Welfare & Institutions Code Section
19 5278, California Civil Code Section 1714.2, California Health & Safety Code Sections 1317;
20 1317(g), 1317(f), 1799.100-1799.111, 1799.104 and 1799.106; Vehicle Codes Section 165.5, 17001,
21 17004, 17004.7 and 20016, Government Code Section 1799.107; Business and Professions Code
22 Section 2395-2398, 2727.5, and other appropriate provisions of law and each of said sections.
23    AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
24 TO THE COMPLAINT, these answering defendants allege that the Complaint, and each cause of
25 action therein, is barred by the statutes of limitation as set forth in Section 945.6 of the California
26 Government Code, and California Code of Civil Procedure Sections 312, <u>et seq</u>. and 335, <u>et seq</u>.
27    AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
28 TO THE COMPLAINT, these answering defendants allege that at all times mentioned in the

Complaint, Defendant, its agents, officers and employees, had reasonable cause to investigate the matters at issue in the Complaint, and probable cause to arrest and/or detain the decedent.

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the Complaint fails to state a cause of action under the provisions of the United States Constitution cited by the plaintiffs and decedent.

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that Defendant, its agents, officers and employees, in no way acted with malice or bad faith, nor did they intend to harm or deprive plaintiffs or decedent of any rights.

AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that Defendants enjoy qualified immunity against each and every one of plaintiffs and decedent's federal claims.

AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that Defendant, its employees, agents and officers, enjoy discretionary immunity against each and every one of plaintiffs and decedent's state claims.

AS AND FOR A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the City and County of San Francisco is immune, under Government Code §818, from any assessment of punitive damages.

AS AND FOR A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that Defendant, its agents, officers and employees, are immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity and the common law immunities protecting peace officers and public officials.

AS AND FOR AN TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that at all times mentioned in plaintiffs and decedent's Complaint herein, Defendants' actions, and the actions of its employees,

were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants allege that the plaintiffs and decedent failed to comply with the requirements of the California Tort Claims Act of the California Government Code and therefore all claims of the plaintiffs and decedent are barred. Also that plaintiffs and decedent's purported state causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs and decedent's written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants plead that they have no liability to plaintiffs and decedent as a result of the doctrines of Res Judicata, Collateral Estoppel, Unclean Hands, Laches, Plea In Abatement, Intervening/Supervening Cause, Lack Of Proximate Causation.

AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering defendants plead they have no liability to plaintiffs and decedent as a result of the qualified immunity of California Health & Safety Code section 1799.107, in that Defendants are a public entity and emergency rescue personnel who performed emergency services in good faith and without gross negligence.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That plaintiffs take nothing by their Complaint;
2. That judgment be entered in favor of defendants;
3. That the defendants be dismissed from this action;
4. That defendants be awarded their costs of suit, including reasonable attorney's fees; and
5. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury in this action.

Dated: August 31, 2007

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Attorney
                        BLAKE LOEBS
                        ELLEN SHAPIRO
                        KIMBERLY A. BLISS
                        Deputy City Attorneys

                   By: \_\_\_\_/s/_____
                        KIMBERLY A. BLISS

                        Attorneys for Defendants
                        CITY AND COUNTY OF SAN FRANCISCO,
                        VICTOR WYRSCH and JOANNE HAYES-WHITE